# United States District Court
# Central District of California

| | |
|---|---|
| BARBARA PHELPS,<br><br>    Plaintiff,<br><br>    v.<br><br>PS LOS ANGELES - PICO BLVD., INC.,<br><br>    Defendants. | Case №. 2:18-cv-06633-ODW (MRWx)<br><br>**ORDER GRANTING PS SOUTHERN'S MOTION FOR SUMMARY JUDGMENT [21]** |

## I. INTRODUCTION

Plaintiff Barbara Phelps ("Phelps") brings the present action against Defendant PS Southern California One, Inc., erroneously sued and served as PS Los Angeles - Pico Blvd., Inc. ("PS Southern"), for alleged violations of the Americans with Disabilities Act ("ADA"), and the Unruh Civil Rights Act ("Unruh"). (Compl. ¶ 2, ECF No. 1.) PS Southern now moves for summary judgment ("Motion"). (Def.'s Mot. Summ. J. ("Mot."), ECF No. 21.) For the reasons that follow, the Court **GRANTS** PS Southern's Motion, and **DISMISSES** Phelps's Unruh claim **WITHOUT PREJUDICE**.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

The undisputed facts establish the following. Phelps is a paraplegic who uses a walker for mobility. (Statement of Uncontroverted Facts ("SUF") P1, ECF No. 22.) PS Southern operates the Public Storage located at 4147 W. Pico, Los Angeles, California (the "Facility"). (Compl. ¶ 2.) On an unspecified date in May 2018, Phelps visited the Facility. (Compl. ¶ 7.) Phelps alleges that she encountered the following architectural barriers at the Facility's parking lot: (1) the handicap parking space lacked the appropriate pole-mounted signage at the front of the stall which should have been installed at least five feet above ground; (2) the handicap parking stalls were missing the International Symbols of Access painted on the asphalt; (3) the "NO PARKING" markings in the accessible parking access aisles were unrecognizable; (4) the accessible parking spaces lacked "Van Accessible" and "Minimum Fine $250" signs; and (5) the parking lot is devoid of the proper signage at its entrances. (Compl. ¶ 10–14.)

On August 1, 2018, Phelps initiated this lawsuit against PS Southern. (*See* Compl.) As listed above, Phelps alleges five architectural barriers in her Complaint relating to parking. (*See* Compl. ¶¶ 10–14; SUF P2.) Phelps also alleges that PS Southern has no procedure or policy in place to maintain the parking spaces reserved for persons with disabilities. (Compl. ¶ 15.)

On April 10, 2019, Karen O. Haney ("Haney"), PS Southern's Certified Access Specialist and ADA expert, inspected the Facility's parking lot. (Decl. of Haney ("Haney Decl.") ¶ 4, ECF No. 21-2.) Haney's inspection revealed that (1) "both accessible parking spaces serving the . . . [F]acility contain International Symbol of Accessibility signs and Van Accessible signs with the language 'Minimum Fine $250,' that are mounted with the bottom edge at 83 inches above the ground surface;" (2) "[b]oth accessible parking spaces serving the . . . Facility provide a clear and visible International Symbol of Accessibility on the surface of the spaces; (3) "[b]oth accessible parking spaces serving the Facility contain required 'No Parking' markings at the end of the access aisles;" (4) "[t]he requisite parking signage is provided at the west parking

lot entrance serving the Facility off Crenshaw Boulevard and at the head of one of the accessible parking stalls." (SUF D7–10.) Phelps does not dispute these facts. (Mot. 10 (acknowledging "remediation of the parking violations").)

PS Southern moves for summary judgment as to Phelps's ADA Claim and requests that the Court decline to exercise supplemental jurisdiction over Phelps's state law claims. (Mot. 1.)

### III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though a court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha*

*Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

### IV. DISCUSSION

PS Southern moves for summary judgment on the basis that the alleged barriers in Phelps's Complaint no longer exist, therefore mooting her claim under the ADA for injunctive relief. (Mot. 8.) PS Southern also requests that the Court decline to exercise supplemental jurisdiction over Phelps's Unruh claim. (Mot. 15.) Phelps opposes the Motion, arguing that her ADA injunctive relief claim survives because the parking lot striping violation could reasonably recur and PS Southern has not identified any policy or plan to maintain accessibility. (Mot. 9–14.)

**A.  Mootness**

"Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Plaintiffs "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Molski v. M.J. Cable, Inc.*,

481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12188(a)(2)). In the context of a claim for injunctive relief under Title III of the ADA, a plaintiff must "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (alterations and citations omitted). Accordingly, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralph's Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see also Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005).

Here PS Southern proffers a declaration from its expert, Haney, who inspected the Facility's parking lot and found Phelps's alleged violations are currently compliant under federal and state accessibility standards. (*See* Haney Decl. ¶ 6; J.A. Ex. 5 ("Haney Report") 1–5, ECF No. 21-2.) Additionally, Phelps concedes that PS Southern remediated the parking violations and PS Southern affirms that access barriers are not likely to return or reoccur. (Mot. 8, 10; SUF D7–10.) Accordingly, Phelps's architectural barrier claims are moot. (Mot. 8.) Yet, Phelps contends that her ADA claim for injunctive relief survives because PS Southern has no procedure or policy in place to maintain the handicap-accessible parking spaces and, therefore, the violations can easily and reasonably recur. (Mot. 13–14.)

Phelps's proffered argument has been considered and rejected by the Central District of California. *Langer v. Heard*, No. 2:18-cv-00666-VAP (PJWx), 2018 U.S. Dist. LEXIS 186707, at *7 (C.D. Cal. Oct. 30, 2018) (rejecting plaintiff's argument that his claim was not moot because the violation could "easily recur," as defendants merely painted lines that could fade rather than making permanent structural changes). Instead, as the court in *Langer v. Heard* noted, courts in the Central District, "have found that remedying ADA access violations by repainting a parking lot is sufficient to moot a plaintiff's claim." *Id.* (citing *Love v. Azzam*, No. EDCV 15-627 JGB (KKx), 2015 WL 7566492, at *3 (C.D. Cal. Nov. 24, 2015) (granting summary judgment for defendants

who had repainted a handicap-accessible parking space); *Langer v. McKelvy*, No. CV 14-08842-RGK (JPRx), 2015 WL 13447522, at *2 (C.D. Cal. Sept. 24, 2015) (finding that because defendants repaved a parking lot and painted a van-accessible parking space, plaintiff's ADA claim was moot)) *aff'd*, 677 F. App'x 363 (9th Cir. 2017).

Accordingly, as PS Southern's repairs resolved Phelps's claim to equitable relief in its entirety, the ADA claim is now moot. *See Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*, 528 U.S. 167, 190 (2000)) (finding defendants' remediation rendered plaintiff's ADA claim moot). As Phelps's claim for injunctive relief under the ADA is moot, she no longer has standing and the Court **GRANTS** PS Southern's Motion as to Phelps's ADA claim.

**B.  State Law Claim**

PS Southern contends that the Court should decline to exercise supplemental jurisdiction over the state law claim. (Mot. 19–24.)

A district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

Phelps's ADA claim provided the only basis for original jurisdiction. As Phelps's ADA claim has been fully adjudicated, the interests of comity and fairness lead the Court to decline to exercise supplemental jurisdiction over Phelps's related state law claim. *See Molski v. Kahn Winery*, 381 F. Supp. 2d 1209, 1211–12 (C.D. Cal. 2005)

(discussing that "the principle of comity strongly favors dismissing the state law claims" and allowing state law claims to remain absent federal claims would frustrate the goal of the ADA to quickly rectify structural barriers).

Accordingly, the Court declines to exercise supplemental jurisdiction over Phelps's state law claim and this claim is **DISMISSED** without prejudice.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** PS Southern's Motion for Summary Judgment as to Phelps's ADA claim. (ECF No. 21.) The Court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claim and **DISMISSES** it **WITHOUT PREJUDICE**. The Court will issue Judgment.

**IT IS SO ORDERED.**

November 22, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**